PETER T. B. BUTTON AND OTHERS, APPELLANTS, *v.* WILLIAM ELY, AS SUPERVISOR, AND OTHERS, RESPONDENTS.

*Legacy to a town, to be used in the erection of a town hall — construction of the terms of the will as to the uses to which the building may be put.*

Henry Morgan, of the town of Franklinville, died in 1881, leaving a will by which he gave and devised all the rest and residue of his estate to the town of Franklinville, " to be expended in the erection of a building in the village of Franklinville, in said town, and also for the purchase of a proper site for the same, the said building to be named and known as the Morgan Hall, and to be at least two stories in height, *the lower floor of which to be forever used as a town hall, and office for said town in its corporate capacity,* and the upper floor, or floors, thereof to be used for offices, of a character least likely to injure said building, said offices to be rented to respectable and responsible persons," the rents to be used in insuring and repairing the said building and paying any taxes that it might be liable to pay.   The will further provided that the lot should be conveyed to the town, and that the building was " to be at all times under the control, care and custody of the same town officers as are authorized to have the control, care and custody of town halls erected by towns under the authority of an act of the legislature of this State."
After the death of the testator commissioners, acting under an act of the legislature empowering the town to take and hold the legacy, received from the executors $8,674.46, and from money raised by the town, $7,000, and purchased a site and erected a building.   Thereafter a balance, found to be due to the town on the settlement of the accounts of the executors of Morgan, was paid to the defendants, who were the officers entitled by law to the care and custody of

the building. They having rented one of the rooms on the lower floor to the postmaster, to be used as a post-office for that locality, were about to pay out most of this money on a contract which they had made with another party to fit up a room with letter boxes and other customary conveniences, such as are commonly used in a post-office, when the plaintiffs brought this action, as taxpayers to restrain them from paying out this money for that purpose.

*Held,* that the action could not be maintained, as the proposed action of the defendants did not violate any of the conditions or restraints imposed by the donor upon the uses and purposes to which the lower floor of the building could be devoted.

That, as it appeared that ample and sufficient rooms for the use of the town officers had been set apart on the lower floor, the proposed use of the rooms in question, and the hall-way leading to them, did not deprive the citizens of the town or its officers of any of the special uses contemplated by the donor.

APPEAL from an order of the Erie Special Term, dissolving an injunction granted on the *ex parte* application of the plaintiffs, restraining the defendants from disbursing and paying out certain public moneys in their hands as town officers in the manner and for the purpose stated in the opinion. The defendant Ely is the supervisor of the town of Franklinville, Cattaraugus county, and the other defendants are the justices of the peace of the same town. The plaintiffs prosecute the action as taxpayers of the town under the provision of chapter 531, Laws of 1881.

*W. W. Waring,* for the appellants.

*Alfred Spring,* for the respondents.

BARKER, J.:

The Special Term dissolved the injunction on the ground that there was a non-joinder of necessary and interested parties. We have looked into the merits of the case as now presented by the affidavits and conclude that the order appealed from should be affirmed upon the grounds that the proposed action of the town officers was lawful and that the money in their hands could be legally disbursed for the purpose by them contemplated.

Henry Morgan, late of the town of Franklinville, died in the year 1881, and in and by his last will and testament, after making several specific bequests gave and devised all the rest and residue of his estate to the town of Franklinville for the uses and purposes as expressed in his will, in the following language, viz.: "To be

expended in the erection of a building in the village of Franklin-ville, in said town; and also for the purchase of a proper site for the same, the said building to be named and known as Morgan Hall, and to be at least two stories in height; the lower floor of which to be forever used as a town hall and office for said town in its. corporate capacity, and the upper floor or floors thereof to be used for offices of a character least likely to injure said building, said offices to be rented to respectable and responsible persons; the rents whereof to be used in defraying the expenses for keeping said building at all times well insured in good and reliable fire insurance companies, and also for keeping said building in good repair and condition and the paying of taxes, if it should be liable to be subject to taxation. The cost of the purchase of said site and the erection of said building to be not less than $4,000. The conveyance of the ground upon which the said building shall be erected to be to said town of Franklinville; and I hereby order and direct that at no time shall any intoxicating liquor be kept or sold in said building or on said grounds. Said building to be at all times under the control, care and custody of the same town officers as are authorized to have the control, care and custody of town halls erected by towns under the authority of an act of the legislature of this State."

The sum realized by the town from the estate of the donor was $8,674.76. After the death of Mr. Morgan, the legislature passed an enabling act, empowering the town of Franklinville to take and hold the legacy bequeathed and authorizing the supervisor of the town to receive and collect the same from the executors of the will.

By the same enactment a board of commissioners, none of them town officers, was appointed to select a site upon which to erect the said building and "to cause a building to be erected thereon, completed and furnished ready for use in accordance with the directions of the will of the donor." The commissioners purchased a lot and erected a building thereon, which on its completion, they turned over to the town board who, in their official capacity as town officers, took possession of the building and assumed the management of the same. By other provisions of the same act the town was authorized to raise money by tax in a sum not exceeding $7,000 to be used and expended in the construction of said building. That sum was raised and expended in the erection of the building. No

further notice of this provision of the act is necessary in disposing of the questions presented on the appeal.

At the time the commissioners turned over the buiding to the town officers they had expended all the money in their hands received from the estate of Mr. Morgan, and also all funds derived from the appropriation made by the town. Afterwards the executors paid to the supervisor the sum of $352.15, the balance of the bequest found to be due to the town on the final settlement of the accounts of the executors before the surrogate.

The supervisor was authorized, by the terms of the act, to receive this money as the lawful custodian of the same. He and the other defendants, who are justices of the peace, constituted the town board, and had the care and custody of the building at the time this action was commenced. They had rented one of the rooms on the lower floor to the postmaster, to be used as a post-office for that locality ; and they were about to pay out most of the said money, then in the hands of the supervisor, on a contract which they had made with another party to fit up the room with letter boxes and other customary conveniences such as are commonly used in a post-office located in a community like that of the town of Franklinville.

This action is to restrain the defendants, by an injunction, from using any part of the funds for that purpose. The town, in its corporate capacity, by virtue of the said enactment, was empowered to take the title of the premises and the building erected thereon ; and the same was, by the terms of the will, together with the provisions of the enabling act, to be under the control, care and custody of such town officers as are by law authorized to take charge of this class of property owned by the township. By a general law, the care and control of a town-house owned by a township is placed in the hands of the supervisor and the justices of the peace of a town, or a majority of them. (Laws 1847, chap. 197 ; Laws of 1879, chap. 267.)

There being no dispute over the material facts, the only legal question presented is : Does the proposed action of the defendants, acting as a board of officers having charge of the property in question, violate any of the conditions or restraints imposed by the donor in the uses and purposes for which the lower floor of the building was to be devoted ? Such use of a portion of the lower floor does not, as we think, violate the provisions of the will,

which declares that "the lower floor of the building be forever used as a town hall, and offices for said town in its corporate capacity." It is made to appear that rooms on the lower floor had been set apart for the use of the town officers, and are ample and sufficient for that purpose, so that the use of the room in question, and the hall-way leading thereto, does not deprive the citizens of the town or its officers of any of the special uses contemplated by the donor.

It is manifest that it was contemplated by Mr. Morgan that the lower floor should be devoted to the use and accommodation of the citizens of the town, as a place where they might assemble on all public occasions and consider questions relating to their welfare, although the purpose of their meeting was not directly connected with their own municipal affairs. It would be a narrow construction, as we think, not in accordance with the intentions of the donor, to say that the officers of the town in control of the building could not permit the use of the lower floor for any purpose other than the transaction of corporate business. The lower floor was to be used as a town hall, and that permits of its use by the inhabitants of the town, as regulated by the town board, for all the uses to which such buildings are generally devoted in this country when owned by towns, villages or other municipalities. The doors of this building should be kept open at all reasonable times under proper regulations, and the inhabitants have the lawful right to assemble therein, to deposit their mail matter and receive the same from the hands of any government official authorized to receive and distribute the same. The officers in charge of the building have the power, beyond all doubt, to permit the post-office department to put up a letter-box for the purpose of depositing letters therein, in any convenient place in the building; and they may also designate a room in which the inhabitants may meet a letter carrier and receive from his hands their mail. It would be unreasonable to say that a town hall could not be used by the inhabitants for such purposes; and it is clearly within the power of the town officers, under the provisions of the will, to prepare the room devoted by them to this purpose with the necessary conveniences; renting the room to the postmaster of the locality, and fitting up the same in the manner proposed, is only a mode and manner of accomplishing the same thing. (*French* v. *The Inhabitants of Quincy,* 3 Allen, 9.)

The plaintiff seeks to make a case upon the ground that the town officers were wholly unauthorized to use the money in their hands for the purpose mentioned, and have not stated any other ground for sustaining their action.

We have not considered the question whether other persons should be made parties to this action, for if other interested persons are entitled to be heard, the court may on the trial order them to be brought in.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., BRADLEY and HAIGHT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.